**HUIQIN YANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–71243.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 14, 2010.

Franlin Wright Nelson, Esquire, Pasadena, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Don George Scroggin, Esquire, Trial, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Huiqin Yang, a native and citizen of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Yang's asylum application omitted that police shocked her with an electric baton, and the omission goes to the heart of her claim. *See Li v. Ashcroft*, 378 F.3d 959, 962–64 (9th Cir.2004). In the absence of credible testimony, Yang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Yang's CAT claim is based on the same statements found to be not credible, and she does not point to any other evidence in the record that compels the conclusion she would more likely than not be tortured if returned to China, substantial evidence supports the agency's denial of CAT relief. *See id.* at 1156–1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.